IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOE SHEPARD,

    Petitioner,                  No. 2:08-cv-2722 JFM (HC)

    vs.

UNKNOWN,                      <u>ORDER AND</u>

    Respondent.           <u>FINDINGS & RECOMMENDATIONS</u>

                              /

          Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 26, 2008, the court noted petitioner had not filed a petition, a request to proceed in forma pauperis, or paid the required filing fee. Petitioner was directed to file a habeas petition and submit either the application to proceed in forma pauperis or the filing fee, within thirty days. On December 3, 2008, petitioner wrote a letter to the undersigned explaining that his attorney had not yet filed his petition in the California Supreme Court, although counsel expected to file it shortly. It appears petitioner has not yet exhausted his state court remedies.

          The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion,

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982).

At present, petitioner does not have a petition on file. There are no claims before the court, exhausted or unexhausted. Petitioner concedes he has not yet raised his claims in the California Supreme Court. Accordingly, this action must be dismissed without prejudice to its renewal once petitioner has exhausted his state court remedies.[2]

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one

1    In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the
2 Court is directed to assign a district judge to this case; and
3    IT IS RECOMMENDED that this action be dismissed without prejudice.
4    These findings and recommendations are submitted to the United States District
5 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
6 days after being served with these findings and recommendations, plaintiff may file written
7 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
8 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
9 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
10 F.2d 1153 (9th Cir. 1991).
11 DATED:  December 15, 2008.

UNITED STATES MAGISTRATE JUDGE

15 /001; shep2722.fte

---

25 year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other
26 collateral review is pending.  28 U.S.C. § 2244(d).

3